FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 25 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CLAUDIUS KING,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------x

<u>ORDER</u>

03-cv-5206 (NG)
96-cr-839 (NG)

**GERSHON, United States District Judge:**

On September 9, 2004, this court denied petitioner Claudius King's *pro se* petition under 28 U.S.C. § 2255. The court found in part that there was no merit to Mr. King's claim that the venue change in his criminal case from the Southern District of New York to the Eastern District of New York was erroneous. Mr. King subsequently moved under Federal Rule of Civil Procedure 59(e) to alter or amend that judgment. In that motion, he challenged, among other things, the court's conclusions regarding the venue change. On November 2, 2004, this court denied that motion and denied a certificate of appealability.

Mr. King now moves *pro se* under Rule 60(b) for relief from the judgment denying his § 2255 petition. He again argues that venue in the Eastern District was improper and seeks vacatur of his conviction and transfer of his case to the Southern District.

If a habeas petitioner files a Rule 60(b) motion that "attacks the federal court's previous resolution of a claim *on the merits*," a court should treat it as a successive habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524, 532–34 (2005); *accord Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) (citing *Rodriguez v. Mitchell*, 252 F.3d 191, 198–99 (2d Cir. 2001)). If, by

contrast, the Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceeding," it should not be treated as such. *Gonzalez*, 545 U.S. at 532; *Harris*, 367 F.3d at 77.

Mr. King contends that his motion should not be treated as a successive habeas petition because it challenges the integrity of this court's habeas proceeding, not his underlying conviction. A review of his motion, however, indicates otherwise. Mr. King's arguments regarding the venue change mirror those raised by him in previous filings, especially in his Rule 59(e) motion, and consist of another attempt to challenge whether venue was proper in this district.[1] The relief Mr. King seeks—vacatur of his conviction rather than renewed consideration of his post-conviction arguments—also reveals that his claims concern the activities in the trial court, not in the habeas proceeding. *Cf. Gonzalez*, 545 U.S. at 536–37 (motion challenging district court's failure to reach the merits of a habeas petition based on an allegedly incorrect statute-of-limitations ruling was properly brought under Rule 60(b))). Therefore, Mr. King's motion for reconsideration is in effect a successive habeas petition because it attacks this court's resolution of the merits of Mr. King's habeas claim. *See id.* at 532; *Coronado v. United States*, 2017 WL 6496485, at *2 (E.D.N.Y. Dec. 19, 2017) ("[A]n argument that the Court got it wrong—or even clearly wrong—does not mean that there was something fundamentally unfair about the prior § 2255 proceeding or that this proceeding otherwise lacked integrity.").

Having determined that Mr. King's motion attacks the underlying conviction, the court may either treat it as "a second or successive" habeas petition and transfer it to the Second Circuit under § 2255(h) or deny the motion as beyond the scope of Rule 60(b). *Harris*, 367 F.3d at 82.

---

[1] Mr. King also challenged the change of venue on direct appeal of his criminal conviction. *United States v. King*, 38 Fed. Appx. 67, 68, 70 (2d Cir. 2002). The Second Circuit found that argument without merit. *Id.* at 70.

The court chooses the second option and denies Mr. King's motion with prejudice as beyond the scope of Rule 60(b). *See Coronado*, 2017 WL 6496485, at *3.[2] The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.

The Clerk of Court is respectfully instructed to mail a copy of this order to petitioner and to note the mailing on the docket.

**SO ORDERED.**

/s/ *Nina Gershon*

NINA GERSHON
United States District Judge

June 25, 2019
Brooklyn, New York

---

[2] Even if the motion were within the scope of Rule 60(b), it still would have to be denied as untimely. Because the motion alleges that the trial prosecutor perpetrated a fraud upon the court, it appears to have been brought under Rule 60(b)(3); such a motion must be made no more than one year after the entry of the judgment. Fed. R. Civ. P. 60(c)(1). To the extent Mr. King cites *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759 (2017), to argue that his motion falls under Rule 60(b)(6) (which does not impose a strict one-year time limit), the "extraordinary nature of [that] case" makes it easily distinguishable from this one. *Id.* at 777–79; *see also Gonzalez*, 545 U.S. at 537 (relief under Rule 60(b)(6) "requires a showing of 'extraordinary circumstances'").